OKORIE OKOROCHA (SBN 226658)
**THE OKOROCHA FIRM**
117 E. Colorado Blvd. Suite 465
Pasadena, CA 91105
Email: OO@OOESQ.COM
Tel: (310) 497-0321

Attorney for the Plaintiffs Libby Hernandez and Ivan Hernandez

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBBY HERNANDEZ, an individual, IVAN HERNANDEZ, as individual,<br><br>Plaintiffs,<br><br>vs.<br><br>STEVE FARZAM, an individual, ; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.<br><br>UNLIMITED JURISDICTION DAMAGES SOUGHT OVER $25,000.00<br><br>COMPLAINT FOR CIVIL DAMAGES INJUNCTIVE RELIEF<br>1. VIOLATION OF THE ANTI-CYBERSQUATIING CONSUMER PROTECTION ACT PURSUANT TO TITLE 15 U.S.C. § 1125 (a)(l);<br><br>2. LIBEL PER SE, CAL. CIV.CODE §45a<br>3. INVASION OF PRIVAVY: UNDER CAL. CONST. ART. I, §7, PUBLIC DISCLOSURE OF PRIVATE FACTS<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>DEMAND FOR JURY TRIAL |

1.  Comes now Libby Hernandez and Ivan Hernandez ("Plaintiff"), who file this complaint for violation of the anti-cybersquatting statute pursuant to Title 15 U.S.C. § 115(d) and related state law torts against defendant Steve Farzam, an individual ("Defendant"); and does 1 through 100, inclusive.

I.

JURISDICTION NAD VENUE

2.  This court has proper jurisdiction pursuant to Title 28 U.S.C. §1367 (a) as federal question and in rem jurisdiction pursuant to Title 15 U.S.C. §1125 (d) (2), and Title 28 U.S.C. § 1367 for supplemental jurisdiction over state law claims. The Plaintiffs have proper venue pursuant to Title 28 U.S.C. § 1391(b)(1), as the case arose on the Plaintiffs' website registered in the Central District of California.

3.  The true names and capacities of those defendants sued herein as Does 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sues said Defendant(s) by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when the same have been ascertained pursuant to Fed.R.Civ.P. 15 (c)(3).

II

GENERAL ALLEGATIONS

4.  Plaintiffs is informed and believes, and upon such information and belief alleges that Defendants all participated in creating the web domain [www.LibbyHernandez.com](www.LibbyHernandez.com). On or about April 11, 2018, Plaintiffs discovered that the defendants created a website and had purchased [www.LibbyHernandez.com](www.LibbyHernandez.com) and the website is revealing her driver's license number, social security number, date of birth, address and also included information Libby Hernandez that was false including but not limited to Libby Hernandez is a felon and caused bodily injury in a DUI. The website further alleges that she was convicted of felony

possession of marijuana, and another felony, to wit, smuggling drugs into a correctional facility. All of these allegations are FALSE.

5.      Defendants have had the nerve and gall to post information on the website of the Plaintiffs' daughter being sexually assaulted/molested. Defendants have also published other private facts, such as allegations about her marital issues. Some of the most shocking information [which includes Plaintiffs' driver license numbers, social security numbers, home address, car makes and models amongst other private information] is on www.LibbyHernandez.com/contact/

III.

CAUSES OF ACTION AND REMEDIES

1.

VIOLATION OF THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT PURSUANT TO TITLE 15 U.S.C. §1125 (a)(a)

6.      Plaintiffs' allege and incorporate all facts and allegations expressed in the foregoing paragraphs, inclusive, as if alleged and incorporated herein.

7.      The website domain in name located at the URL address of www.LibbyHernandez.com was registered by the Defendant GoDaddy.com This registration was a bad-faith registration solely to attack Plaintiffs because she sued him for sexual harassment. Steve Farzam is a career criminal and has been convicted of many crimes.

8.      The Plaintiffs have not authorized the Defendant to use their legal names and private personal information for the URL domain LibbyHernandez.com

9.      The Defendant has not made any bona fide fair use of Plaintiffs' legal names.

10.     The Defendants registration, use or trafficking in the confusingly domain name of Libby Hernandez.com constitutes cybersquatting in violation of Tile 15

U.S.C. § 1125 (a)(1) entitling the Plaintiffs to relief.

11. This is an exceptional case entitling the Plaintiffs to attorneys' fees pursuant to Title 15 U.S.C. §1117, and punitive damages.

2.

### LIBEL PER SE, CAL. CIV.CODE §45a

12. Plaintiffs alleges and incorporates all facts and allegations expressed in the forgoing paragraphs inclusive, as if alleged and incorporated fully herein.

13. The cybersquatting website Defendants' published on their cybersquatting website, www.LibbyHernandez.com, intentionally contains disparaging false allegations regarding the integrity of the Plaintiffs, and lists all of their personal information, such as social security numbers, driver license numbers information and all other personal information. The website contains overtly false statements about Plaintiff Libby Hernandez, including but not limited to an allegation that she is a felon, that she became a felon as a result of a driving under the influence and causing severe harm to other motorists and their passenger; that Libby Hernandez was convicted of a DUI in 2014, possession of marijuana and felony transportation of drugs into a correctional facility.

14. Defendants' disparaging statements about Plaintiffs are not privileged.

15. These false statements made on the website www.LibbyHernandez.com were published to at least a single person, and likely published to millions of people. Defendant recognized and in fact intended the Plaintiffs to suffer pecuniary losses such a jobs because of the website. All of the many website visitors understood the allegations, and were led to believe that Plaintiff Libby Hernandez is a 3 time felon.

16. The statements made by Defendant are libelous per se because they falsely accuse Plaintiff Libby Hernandez of felony crimes that she did not commit and that

she not convicted of.

17. The Defendant intentionally and purposely placed false statements about the Plaintiffs as an act of malice, oppression and fraud. The Defendants actions were a substantial factor, or the only factor regarding the harm that Plaintiffs suffered and continue to suffer.

18. Plaintiffs is entitled to recover their actual damages and special damages that are presumed as libelous per se: a. Harm to Plaintiffs' financial interests and job seeking ability; b. Legal fees; c. Harm to Plaintiffs reputations; and d. have caused shame, mortification, and hurt feelings; and injunctive relief to take the offending website off of the Internet is sought.

3.

### INVASION OF PRIVACY UNDER CAL. CONST. ART. I, §7, PUBLIC DISCLOSURE OF PRIVATE FACTS

19. Plaintiffs allege and incorporates all facts and allegations expressed in the forgoing paragraphs inclusive, as if alleged and incorporated fully herein.

20. Plaintiffs has a legally protected privacy interest in their social security numbers, driver license numbers, marital affairs and discusses the Plaintiffs' daughter being molested, and other personal information.

21. Plaintiffs has a reasonable expectation of privacy in their social security numbers, driver license numbers and information, and other personal information, marital information from being posted on the Internet, a public disclosure of private facts.

22. Defendants' seriously invaded Plaintiffs constitutional right to privacy in her personal information by publishing it on the website www.LibbyHernandez.com.

23. Defendant's disclosure of Plaintiffs personal information would be offensive and objectionable to the reasonable person

24. Plaintiffs private information as herein stated is not of legitimate public concern.

25. Plaintiffs has been harmed by Defendant's invasion of privacy, and is entitled to actual and special damages, and for emotional distress.

### 4.
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

26. Plaintiffs alleges and incorporates all facts and allegations expressed in the forgoing paragraphs inclusive, as if alleged and incorporated fully herein.

27. Defendant's cybersquatting, libelous per se and public disclosure of private facts is extreme and outrageous conduct, done with the intention of causing, or reckless disregard of the probability of causing, emotional distress.

28. Plaintiffs has suffered severe or extreme emotional distress as a result of having endured Defendant's extreme and outrageous conduct. Defendant's extreme and outrageous conduct exceeds all bounds of that is usually tolerated in a civilized community.

29. The actual and proximate cause of the emotional distress was due to Defendant's outrageous conduct.

### IV.
### PRAYER FOR RELIEF

Wherefore the Plaintiffs pray for such relief as follows:

1. For an order of injunction stopping the Defendants from using a website with the address http://www.LibbyHernandez.com and the forfeiture or cancellation of the domain name or the transfer of the domain name to the Plaintiffs.

2. For special damages as described above for defamation per se damages.

3. For general damages for emotional distress.

4. Plaintiffs are also entitled to punitive damages, as well as reasonable attorney's fees pursuant to Title 15 U.S.C. §1117.

5. For costs of suit.

6. For all other such relief as the court deems proper and justified.

## V.

## DEMAND FOR JURY TRIAL

Pursuant to Fed.R.Civ.P. 38 (b) and C.D.L.R. 38-1, Plaintiffs hereby demand(s) a jury trial on any and all issues qualified for a jury trial to which there is an entitlement to a jury trial under the United States Constitution.

Dated this 12th day of April, 2018

/S/ OKORIE OKOROCHA

_____

Okorie Okorocha, Esq.

Attorney for the Plaintiffs

7